

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-29-2005

# Xheko v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-4816

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Xheko v. Atty Gen USA" (2005). *2005 Decisions.* Paper 1297.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1297

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 03-4816


ARDIAN XHEKO,
                                              Petitioner

v.

*ALBERTO R. GONZALES,
Attorney General of the United States,
                                              Respondent

(*Substituted pursuant to Rule 43(c), Fed. R. App. P.)


On Petition for Review of a Decision and Order of the
Board of Immigration Appeals
(BIA No. A78-719-131)


Submitted Pursuant to Third Circuit LAR 34.1(a)
March 11, 2005

Before:  SCIRICA, *Chief Judge*, ROTH and FUENTES, *Circuit Judges*

(Filed: April 29, 2005)


OPINION OF THE COURT

SCIRICA, *Chief Judge*.

Petitioner Ardian Xheko seeks review of the Board of Immigration Appeals' (BIA) decision affirming the decision of the Immigration Judge (IJ) to deny his application for asylum and withholding of removal and his claim under the Convention Against Torture (CAT). We will affirm.

I

Xheko, a native and citizen of Albania, was stopped trying to enter the United States without a valid visa. Shortly thereafter, he filed an application for asylum with the INS. Xheko was interviewed by an asylum officer and referred for removal proceedings. On March 13, 2001, the INS served Xheko with a Notice to Appear, charging him with deportability as an alien who was inadmissible at the time of entry for lack of a valid immigrant visa or travel document.

At removal proceedings, Xheko conceded his deportability and applied for asylum, general withholding of removal, and withholding of removal pursuant to the CAT. Briefly summarized, Xheko claimed that on several occasions between 1990 and August 2000, when he left Albania, he was arrested, beaten by police, urinated on while in police custody, and threatened with guns because of his support for the promonarchist Legality Party. Based on inconsistencies between Xheko's testimony and application asylum, the IJ concluded that Xheko had fabricated his testimony and found him deportable and ineligible for asylum, general withholding of removal, or CAT protection. Alternatively,

2

the IJ found no evidence that Xheko had ever been persecuted by the Albanian government. The IJ also concluded, in the alternative, that there had been a fundamental change in circumstances in Albania, because of which Xheko would not have a well-founded fear of persecution should he return. Finally, the IJ found Xheko's asylum application frivolous. The IJ ordered that Xheko be removed to Albania.

Xheko appealed that ruling to the BIA, making two arguments. First, he argued that the IJ had wrongly found that Xheko's asylum application was frivolous. Second, he argued that he had suffered past persecution in Albania. In a written opinion dated December 2, 2003, the BIA reversed the IJ's finding as to frivolity but affirmed the IJ's findings of ineligibility for asylum, withholding of removal, and CAT protection. Specifically, the BIA held that Xheko had failed to carry his burden of proof. It also upheld the IJ's adverse credibility determination.

II

BIA determinations are upheld if they are "'supported by reasonable, substantial, and probative evidence on the record considered as a whole.'" INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992) (quoting 8 U.S.C. § 1105a(a)(4)). "We will reverse only if the evidence not only supports a contrary conclusion, but compels it." Guo v. Ashcroft, 386 F.3d 556, 561 (3d Cir. 2004) (quotation marks and alteration omitted). A petitioner for asylum bears the burden of supporting his claim through credible testimony. Gao v. Ashcroft, 299 F.3d 266, 272 (3d Cir. 2002). An adverse credibility finding by the

3

immigration judge should be supported by a specific, cogent reason for the disbelief in petitioner's testimony. Balasubramanrim v. INS, 143 F.3d 157, 161-62 (3d. Cir. 1998).

Contending here that the BIA erred, Xheko argues that the IJ's adverse credibility determination was not supported by substantial evidence. Though the BIA affirmed the IJ's adverse credibility finding, it is not clear whether Xheko presented this argument to the Board. If it is unexhausted, we would be barred from considering it. 8 U.S.C. § 1252(d)(1); Abdulrahman v. Ashcroft, 330 F.3d 587, 594-95 (3d Cir. 2003). Nonetheless, it is clear the BIA ruled on it. In any event, as we discuss, Xheko's argument is meritless.

In finding Xheko's testimony not credible, the IJ cited several inconsistencies between Xheko's testimony and asylum application. For example, Xheko testified that government agents attacked his apartment, but that incident does not appear in his application. Though prompted by his attorney on direct examination, Xheko failed to mention that in December 1990 he was arrested and beaten by the police, who threatened his life. This allegation appears in Xheko's application. Xheko contradicted his application by testifying that he was arrested by three undercover officers in January 2000; his application states that that incident occurred in January 1999. Xheko also testified that on July 29, 2000, he was arrested at a coffee shop where a Legality Movement meeting was being held. He was taken into a dark room where an unidentified man shot a gun at him. His application, however, states that Xheko was urinated on

4

during this incident, not shot at.  According to Xheko's testimony, however, he was urinated on during a different incident.[1]  The IJ considered Xheko's explanations for the inconsistencies and found them inadequate.  As nothing in the record shows otherwise, we hold that substantial evidence supports the IJ's adverse credibility finding.  Xheko's claims for asylum, withholding of removal, and CAT relief therefore fail.

III

For the foregoing reasons, we conclude that substantial evidence supports the IJ's findings and the BIA's decision.  We will affirm the BIA's decision and order and deny the petition for review.

---

[1]Xheko's brief to the BIA, prepared by his attorney, states, "Although [Xheko] had some lapses in memory and was evidently confused as to some dates, he was not deliberately fabricating his testimony. . . .  Clearly there are some problems in the case to justify a denial of asylum, but to find this application frivolous was a clear abuse of discretion."  (App. at 9.)